IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| KENNETH INGRAM, | Cause No. CV 13-34-GF-DWM-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On April 23, 2013, Petitioner Kenneth Ingram moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Ingram is a state prisoner proceeding pro se. It has taken some time to obtain from him a statement of his inmate trust account, due to changes of address.

The form motion to proceed in forma pauperis completed by Mr. Ingram asked, "In the past twelve months, have you received any money from any of the following sources?" Mr. Ingram answered "no" to all the listed sources, including "Any other sources (specify) _____." Mot. to Proceed (doc. 2) at 2 ¶ 6A-H. Mr. Ingram's

1

account statement, however, shows a deposit of $500.00 from one Andrena Ingram, on March 28, 2013. Account Statement (doc. 12) at 1. Mr. Ingram's motion to proceed in forma pauperis should be denied.

Mr. Ingram has also filed a motion for bail pending determination of his petition. The Ninth Circuit has not decided whether a federal court has the authority to release a state prisoner on bail while a habeas petition is pending. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (per curiam). Assuming it does, bail "is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (per curiam). Mr. Ingram's petition may have merit, but it does not carry "a high probability of success." There is nothing extraordinary about the case or the circumstances. Mr. Ingram's case does not approach the very high standards required by *Land*. *See also* James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 14.2, at 621 (3d ed. 1998) (internal quotations and citations omitted). Release is not appropriate, on recognizance or on any other basis.

Finally, Mr. Ingram asks the Court to order that he be transferred to another facility so that he may have access to legal materials. The filing of a habeas petition does not give the federal court plenary authority over the petitioner's custody. Further, Mr. Ingram has already submitted a petition. As he was informed in the

Notice of Case Opening, petitions must be screened, and the process takes some time. The Court does not require anything of him at present.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Ingram's motion to proceed in forma pauperis (doc. 2) should be DENIED. Mr. Ingram should be given 14 days to pay the $5.00 filing fee in full.

2. Mr. Ingram's motion for bail (doc. 10) should be DENIED.

3. Mr. Ingram's motion for transfer (doc. 14) should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Ingram may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Ingram files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Ingram from relying on that fact or argument at a later stage of the proceeding. A district judge will

3

make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ingram must immediately inform the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 17th day of June, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge