

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH INGRAM, | CV 13-34-GF-DWM-RKS |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, TIM FOX, PONDERA COUNTY, and the STATE OF MONTANA, | |
| Respondents. | |

This action was filed in the United States District Court for the District of Montana, Great Falls Division on April 23, 2013. Petitioner Kenneth Ingram seeks a writ of *habeas corpus* under 28 U.S.C. § 2254. (Doc. 1.) United States Magistrate Judge Keith Strong filed Findings and a Recommendation regarding Mr. Ingram's Motion for Leave to Proceed *in forma pauperis*, Motion for Bail, and Motion for Transfer on June 17, 2013. (Doc. 15.) Pursuant to 28 U.S.C. § 636(b)(1), objections to the Findings and Recommendation entered by Judge Strong were originally due July 5, 2013. Mr. Ingram sought, (doc. 19), and was granted, (doc. 23), an extension of time in which to file his Objections. He timely filed his Objections on August 26, 2013, before the extended deadline. (Doc. 25.)

Judge Strong recommended Mr. Ingram's Motion for Leave to Proceed *in*

*forma pauperis* be denied, as his account statement reflected a deposit of $500.00, demonstrating his ability to pay the filing fee. After the entry of Judge Strong's Findings and Recommendation, Mr. Ingram paid the filing fee. Having paid the filing fee, Mr. Ingram's Motion for Leave to Proceed *in forma pauperis* is now moot.

Judge Strong recommended Mr. Ingram's Motion for Transfer be denied. Mr. Ingram's objections do not contain a response to Judge Strong's treatment of his Motion for Transfer. The Court reviews the Findings and Recommendation entered by a United States Magistrate Judge without objections for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). After a review of Judge Strong's Findings and Recommendation on Mr. Ingram's Motion for Transfer, I find no clear error. The filing of a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 does not give this Court authority over Mr. Ingram's custody. His Motion for Transfer is denied, as it is not well-taken.

Judge Strong recommended Mr. Ingram's Motion for Bail be denied. Mr. Ingram objects to Judge Strong's Findings and Recommendation regarding his Motion for Bail. When a party objects to any portion of Findings and

Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination regarding that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas*, 656 F.2d at 1313. After *de novo* review of this portion of Judge Strong's report and Mr. Ingram's Objections to the same, I agree with Judge Strong's conclusion that the Motion for Bail must be denied. None of the cases cited in Mr. Ingram's Objections controvert Judge Strong's finding that an Order by this Court directing state authorities to release Mr. Ingram on bail while his petition is adjudicated is inappropriate. The Ninth Circuit has not decided whether a district court has authority to release a state prisoner on bail pending resolution of a *habeas* petition. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (per curiam). Even assuming, *arguendo*, that this Court does have the authority to grant the relief Mr. Ingram seeks, he has not demonstrated his is an "extraordinary case[] involving special circumstances or a high probability of success" warranting his release on bail. *See Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (citations omitted).

In accordance with the foregoing, IT IS ORDERED that Judge Strong's Findings and Recommendations, (doc. 15), are ADOPTED to the extent they are not inconsistent with this Order. Mr. Ingram's Motion for Leave to Proceed *in forma pauperis*, (doc. 2), is DENIED as moot. Mr. Ingram's Motion for Transfer, (doc. 14), is DENIED. Mr. Ingram's Motion for Bail, (doc. 10), is DENIED.

DATED this 30th day of September 2013.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court