IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH INGRAM,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 13-34-GF-DWM-RKS<br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

This case comes before the Court on Kenneth Ingram's petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Ingram is a state prisoner proceeding pro se.

On October 29, 2013, Mr. Ingram was ordered to show cause why his petition should not be dismissed with prejudice as time-barred and as procedurally barred. Doc. 27.[1] He was ordered to respond by January 15, 2014. On February 24, 2014, he submitted a response. Doc. 31. The response did not provide valid extenuating circumstances that would justify excusing the statute of limitations and other procedural bars.

---

[1] See the Order to Show Cause, Docket Entry 27, for a full recounting of the facts and a thorough explanation of the deficiencies of Mr. Ingram's petition.

1

### A. Time Bar

Mr. Ingram's federal petition for writ of habeas corpus had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). That occurred on May 20, 2008. Sup. Ct. R. 13(3). His federal petition should have been filed on or before May 20, 2009. He filed on April 18, 2013, nearly four years too late.

Mr. Ingram was advised of this calculation and given an opportunity to show cause why his petition should not be dismissed with prejudice as time-barred. Mr. Ingram did not respond in a relevant manner. The petition should be dismissed with prejudice because it was filed almost four years after the federal limitations period expired.

### B. Procedural Bar

Mr. Ingram did not present any of his federal claims in the Montana Supreme Court. Mr. Ingram was given an opportunity to show cause why his petition should not be dismissed with prejudice as procedurally defaulted. Mr. Ingram failed to respond in a relevant manner. His petition should be dismissed with prejudice as procedurally defaulted without excuse because he did not fairly present any of his claims in the state courts.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, a COA is not warranted. The petition was filed nearly four years too late, and, despite an opportunity to respond, Mr. Ingram has not explained why the time bar should not apply. None of his claims was fairly presented in the state courts. Although the Court has not ordered the State to file the trial transcript, it does not appear that any of Mr. Ingram's claims have any substance. In particular, his claims of ineffective assistance of counsel appear very weak indeed. Moreover, even if one or two had some substance, reasonable jurists would not disagree about

the procedural ruling.

The court **FINDS:**

1. Mr. Ingram's habeas petition, Doc. 1, is barred by the statute of limitations.

2. Mr. Ingram's habeas petition, Doc. 1, is procedurally faulty because the federal claims were not first presented in state court.

3. No extenuating circumstances justify excusing theses deficiencies.

The court **RECOMMENDS:**

1. The Petition, Doc. 1, should be DISMISSED WITH PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Ingram may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ingram must immediately notify the Court of any change in his mailing</u>

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of March, 2014.

                                                             */s/ Keith Strong*
                                                             Keith Strong
                                                             United States Magistrate Judge