

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH INGRAM, | CV 13-34-GF-DWM-RKS |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, TIM FOX, PONDERA COUNTY, and the STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on the proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 32), regarding the Petition for writ of *habeas corpus* under 28 U.S.C. § 2254 filed by Kenneth Ingram, (Doc. 1). Because Ingram is a prisoner, upon filing, this matter was referred to Judge Strong. *See* L.R. 72.2(a). Judge Strong filed his proposed Findings and Recommendations regarding the Petition on March 3, 2014. (Doc. 32 at 5.) "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Because the statutory objections period states that a party may file objections within a

-1-

specified time after service of the findings and recommendations, and service of the Findings and Recommendations at issue was made by mail and electronic means, three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d). Accordingly, written objections to Judge Strong's proposed Findings and Recommendations were due March 20, 2014.

Judge Strong's proposed Findings and Recommendations are reviewed for clear error. No party timely filed written objections to the proposed Findings and Recommendations. When no party objects, the Court reviews the proposed findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong's report contains no mistake of fact or law and will be adopted in-full. Judge Strong previously Ordered Ingram to show cause why his Petition should not be dismissed with prejudice as time-barred and procedurally barred. (Doc. 27.) The Order to Show Cause documented in detail the deficiencies of the petition. (*See id.*) Ingram's response did not present any valid excuse to set aside the statute of limitations and other applicable procedural bars. Ingram's Petition

was filed almost four years after the expiration limitations period set forth at 28 U.S.C. § 2244(d)(1)(A), and is therefore barred by the statute of limitations. The Petition is also procedurally deficient, as Ingram did not present any of his claims in the state courts. Because Ingram's claims are plainly barred on these grounds and no reasonable jurist could disagree with this Court's procedural ruling, a certificate of appealability is not warranted and will be denied. *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS ORDERED:

(1) The proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 32), are ADOPTED IN-FULL.

(2) The Petition for writ of *habeas corpus* brought by Petitioner Kenneth Ingram, (Doc. 1), is DISMISSED WITH PREJUDICE.

(3) A certificate of appealability is DENIED. The Clerk of Court shall immediately process any appeal filed by Petitioner Ingram.

(4) The Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner, pursuant to Federal Rule of Civil Procedure 58, and close this case.

DATED this 10th day of April, 2014.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court